## PHILLIPS *v.* KOCHERT and others.

*(Circuit Court, S. D. New York.* May 17, 1887.)

**1.** PATENTS FOR INVENTIONS — PROCESS OF SWEATING AND CURING TOBACCO — INFRINGEMENT.

Suit was brought to restrain infringement of the first claim of letters patent No. 91,601, granted June 22, 1869, to Leander Burdick and others for a process of sweating and curing tobacco. The proofs showed that other patents were previously granted to other persons for processes of similar character for renovating tobacco, and for coloring and curing tobacco stems. In avoidance of these prior patents, the plaintiffs urged that the patent in question pertained to the curing of green tobacco leaves, and not to renovating or re-sweating after they had been cured, and was therefore different from the prior patents. The proofs further showed that defendants conducted a process for resweating instead of curing the material. *Held,* that the defendants did not infringe.

**2.** SAME — TOBACCO SWEAT-HOUSES — INFRINGEMENT.

The first claim of letters patent No. 228,928, granted June 15, 1880, to one Charles S. Phillips, for a tobacco sweat-house, consisting of a metal-lined tray at the bottom, an interior wooden bottom, steam-pipes, an interior chamber having a slotted or slat floor, an inclined roof, and upright cleats on the sides, is so far restricted by prior patents relating to the same subject that the heating of tobacco in boxes in a close room with the use of a slatted floor, without, however, a metal-lined floor or cleats, does not constitute an infringement.

**3.** SAME — PROCESS OF CURING AND COLORING TOBACCO — INVENTION.

The sole claim of letters patent No. 240,266, granted April 19, 1881, to Charles S. Phillips, for a process of curing and coloring tobacco by heating it in a sweat-room, fails for want of novelty and invention to support it by reason of prior patents covering the same subject, and a suit for infringement of the same cannot be maintained.

In Equity.
*Hubert A. Banning,* for plaintiff.
*Ernest C. Webb* and *Douglass Dyrenforth,* for defendants.

WHEELER, J. This suit is brought upon the first claim of letters patent No. 91,601, dated June 22, 1869, granted to Leander Burdick, H. J. Chase, F. P. Isherwood, and W. S. Isherwood, for the process of sweating and curing tobacco, substantially as described in the specification; the first claim of No. 228,928, dated June 15, 1880, granted to the orator for a tobacco sweat-house, consisting of a metal-lined tray at the bottom, an interior wooden bottom, steam-pipes, an interior chamber having a slotted or slat floor, an inclined roof, and upright cleats attached to its side walls, as in the specification set forth; and the sole claim of No. 240,266, dated April 19, 1881, and granted to the orator, for the process of curing and coloring tobacco, consisting in subdividing the tobacco, by packing it into wooden cases to be placed or tiered in a sweat-room, and heating it in a moist atmosphere of sufficient density and heat to color the tobacco, substantially as set forth in the specification. The defendants set up lack of patentable invention, and want of novelty, and deny infringement. The process described in the specification of the patent first mentioned "consists in subjecting tobacco to the action of artificial heat, ranging from 90 deg. to 110 deg. Fahrenheit, by enclos-

ing the tobacco within a chest which is surrounded by a jacket or external case, into which latter steam is conducted; said chest being provided with an outlet for the escape of the juices which are expelled from the leaves in the form of vapor, and also with one or more perforated pipes for allowing more or less steam to enter the chest during the process," and "if, at any time during the treatment, it is desired to introduce steam directly into the chest for moistening the tobacco and giving it darker shades of color, this can be done by," adjusting a valve and opening a pipe. The process of the orator's patent of April 19, 1881, is substantially that carried on in the operation of the sweat-house of his patent of June 15, 1880, as described in that patent.

A patent may be valid for a process, and another be valid for means of carrying it on. *Corning* v. *Burden*, 15 How. 252; *Cochrane* v. *Deener*, 94 U. S. 780; *Tilghman* v. *Proctor*, 102 U. S. 707. There may, therefore, be a patent for a process of curing tobacco, and another for a sweat-house to work that process, and both be valid. The patent to Abraham Robinson, dated June 10, 1879, for an improved apparatus for resweating tobacco, which was under consideration in *Sutter* v. *Robinson*, 119 U. S. 530, 7 Sup. Ct. Rep. 376, is in evidence in this case, but the Huse patent of 1865, referred to in that case as an anticipation or restriction of the Robinson patent, is not. The precise invention in the Robinson patent appears to have been held in that case to be the substitution of wooden vessels for metallic ones to hold the tobacco during the process of resweating. This is the principal feature of the orator's process patent of April 19, 1881. The rest consists merely in subdividing the tobacco, and heating it in a moist atmosphere of sufficient density and heat to color it. Robinson described the heating in a moist atmosphere, although that was not the feature left after a comparison with the Huse patent. This leaves nothing but subdivision into smaller vessels of the same kind for convenience in handling and of examination, which would require no invention. The substitution of smaller vessels for larger, when convenience required, would be obvious to any one sufficiently skilled in the process to go through it with the larger ones. This patent, therefore, fails for want of novelty and invention sufficient to uphold it.

Prior to the Burdick, Chase, and Isherwood's patent of 1869 there was the patent of Enoch Huse, in 1844, for renovating tobacco by wetting it, and then heating it in an oven or drying room, and then pressing it; the patent of Benjamin Payn, in 1859, for coloring and curing tobacco-stems by steaming them on a grated platform in a close room; and the patent to Benjamin A. Davis, in 1867, for curing tobacco by drying it under a glass roof exposed to the sun's rays in fair weather, and by artificial heat in long spells of rainy weather. This patent in question appears to pertain to curing green tobacco rather than to resweating it after it has been cured. The process of it is not much different from that of Payn's. The degree of heat is not so definitively specified in that, and that exposes the stems to the direct action of the steam altogether, and refers to stems instead of to leaves.

The principal answer of the plaintiff to these patents is that the process of resweating the leaves is a very different process from that of curing green tobacco, or renovating it as by Huse's method, or treating stems by Payn's. Taking this to be so, the defendants resweat instead of curing the tobacco which they treat, and do not thereby infringe the process of this patent for curing tobacco. The sweat-house of the defendants does not, upon the evidence, appear to have either the metal-lined floor of the orator's patent of 1880, or any equivalent for it, nor the upright cleats attached to the side-walls. If they have a slatted floor, it is no more the slatted floor of the plaintiff's patent than the grated platform of Payn's. They heat the tobacco in boxes in a close room after it has been moistened. The Robinson patent of 1879 covers the boxes. They do not appear to infringe anything left of the orator's patent after it is cut down, as it must be by these prior patents. He appears to have had great success in treating tobacco, but it seems to be due more to his skill and care in conducting the processes than to his patented processes or apparatus.

Let a decree be entered dismissing the bill of complaint, with costs.